Dear Mr. Boudreaux:
You have requested our opinion as to whether an existing lease for office space may be renegotiated with the current lessor pursuant to LSA-R.S. 39:1644 in the absence of any bidders after advertisement as required by LSA-R.S. 39:1594(C).
Section A (1) of LSA-R.S. 39:1644 provides as follows:
 "An existing lease for office or warehouse space may be renegotiated with the present lessor, but only after the division of administration has entered into a competitive negotiation process involving discussions with at least three, unless there are less than three, offerors who submit written proposals. Such proposals shall be solicited by advertising as in R.S. 39:1594(C)." (Emphasis added).
The first clause of the quoted statute provides authority for renegotiation of an existing lease with the present lessor. The remaining portion of the statute lists the conditions precedent for such renegotiation. The conditions precedent are advertisement pursuant to law, and negotiation with at least three offerers if there are three or more offerers.
You advise that after advertisement there was no bidder. The statute contemplates the possibility of an event where there are less than three offerers because it specifically provides that negotiation must be with three offerers "unless there are less than three." Certainly no offeror is fewer than three offerers. Because there is no offeror, there can be no negotiations with any offerers, and therefore the conditions precedent have been satisfied. There is no requirement in the statute that the present lessor submit a bid. The negotiation process with the present lessor is anticipated by the permissive language of the first clause of the statute, which provides: ". . . may be renegotiate with the present lessor. . . ."
We have examined Act 919 of 1988, which added Section 1644 to the Procurement Code; however, nothing in the title of Act specifically reflected any legislative intent. We would observe that if the legislature had required three offerers to enable the Division of Administration to renegotiate a pre-existing lease, the quoted language of the Act underscored above, would have been unnecessary.
We, therefore, interpret the statute to mean, in the absence of any bidders in response to advertising as required by R.S.39:1594(C), and in the absence of any offerers who may be potential negotiators, the Division may, in its discretion, negotiate with the current lessor.
There is also no requirement for readvertisement for bids or for requests for proposals because there is no assurance that readvertisement will result in a response, and to require same may be a vain and useless effort, not contemplated nor required by the statute. One of the statute's obvious purposes is for its use in situations where after advertisement, there are no bids.
We are therefore of the opinion that when there has been an advertisement for bids for lease of space as required by R.S.39:1594(C) and there are no bidders in response thereto, an existing lease may be renegotiated with the present owner pursuant to R.S. 39:1644.
Sincerely,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 By: __________________________________ KENNETH C. DEJEAN GENERAL COUNSEL
KCD:ams